**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

* * * * *

JUANITTA DARLYNN,

Plaintiff,

vs.

CHRISTOPHER MARK SHERMAN, individually; DEPARTMENT OF THE AIR FORCE, a Division of the UNITED STATES of AMERICA; DOES I through XX; DOES CORPORATION I through XX; ROE CORPORATION I through X; ROE EMPLOYEES I through X inclusive,

Defendants.

CASE NO.:

**COMPLAINT**

Plaintiff, Juanitta Darlynn ("DARLYNN"), by counsel, for her Complaint against the Defendants, Christopher Mark Sherman and the Department of the Air Force, a Division of the United States of America, states as follows:

**Jurisdiction**

1. This action is brought pursuant to Federal Tort Claims Act (28 U.S.C. § 2671).

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff DARLYNN has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act..

4. This suit has been timely filed in that Plaintiff DARLYNN timely served notice of her claim on the Department of the Air Force less than two years after the incident forming the basis of this suit.

5. Plaintiff DARLYNN is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after

receiving the Department of the Air Force's April 8, 2017 (mailed May 8, 2017) notice of "final denial of administrative claim".

## Parties, Jurisdiction and Venue

6. Plaintiff DARLYNN, is and at all times relevant hereto was a resident of Las Vegas, Clark County, Nevada.

7. Defendant, CHRISTOPHER MARK SHERMAN, at all times mentioned herein and to the best knowledge of the Plaintiff, was and is a resident of Navarre, Florida.

8. At all times mentioned herein, Defendant, UNITED STATES AIR FORCE was and is a Division of the United State of America.

9. The true names and capacities, whether individual, corporate, associate, co-partnership, or otherwise of Defendant DOES I-X are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the offense and happenings referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said DOES I-X, arises out of, but is not limited to, their status as owners, as is their maintenance and/or entrustment of the vehicle which Defendant was operating at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations.

10. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

11. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Nevada.

/ / /

/ / /

## Factual Allegations

12. On or about December 12, 2013, Defendant, CHRISTOPHER MARK SHERMAN, was the operator of a 2014 Chrysler 200 LX, rental vehicle, traveling southbound on Las Vegas Boulevard intersection with Tropicana Avenue in the number two (2) lane of three (3) southbound left turn lanes.

13. At said time and place, Plaintiff, JUANITTA DARLYNN, was the operator of a 2011 Ford Crown Victoria traveling southbound in the number one (1) lane slightly behind Defendant's vehicle.

14. On said date aforesaid, Defendant, CHRISTOPHER MARK SHERMAN, failed to maintain a travel lane, thereby causing the vehicle he was operating to collide with the vehicle being driven by Plaintiff.

15. Defendant, CHRISTOPHER MARK SHERMAN, at the time of the collision described, was negligent, careless, and reckless and otherwise in violation of Nevada Revised Statutes by his failure to yield the right of way to traffic then and there in the proper use of the way, improper lane change, failing to keep his car under proper control, and failing to use due care.

16. At the time of the collision described herein, Defendant, CHRISTOPHER MARK SHERMAN, was driving the rental vehicle under the permission express or implied of Defendant, DEPARTMENT OF THE AIR FORCE, a Division of the UNITED STATES of America.

17. At the time of the incident described above, Defendant, CHRISTOPHER MARK SHERMAN was an agent and servant of Defendant, DEPARTMENT OF THE AIR FORCE, a Division of the UNITED STATES of America, and was in the course and scope of his employment for Defendant, DEPARTMENT OF THE AIR FORCE, a Division of the UNITED STATES of America.

18. All liability of Defendant, CHRISTOPHER MARK SHERMAN is imputed to Defendant, DEPARTMENT OF THE AIR FORCE, a Division of the UNITED STATES of America under the doctrine of respondeat superior.

/ / /

/ / /

## Cause of Action-Negligence

19. Plaintiff DARLYNN realleges and reincorporates each and every allegation above as if fully set forth herein.

20. Defendant's acts and omissions at the time of the collision herein complained of and immediately prior thereto constitute negligence and carelessness.

21. Defendant's negligence was the proximate cause of the Plaintiff's damages as herein alleged.

22. As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLYNN received injuries and suffered great pain.

23. As a direct and proximate result of the negligence and carelessness of Defendant, Ms. Darlynn sustained serious and permanent personal injuries in and about her body; she has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; she was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; she has suffered a loss of enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and she has lost wages, and will continue to lose wages in the future

24. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

25. The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

/ / /

/ / /

/ / /

/ / /

## Prayer for Relief

WHEREFORE, Plaintiff, JUANITTA DARLYNN, does hereby pray that judgment be entered in her favor and against the Defendants as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life totaling $450,000.00, and

2. Costs and attorney's fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,

LAW OFFICES OF ROBERT L. HEMPEN II, ESQ.

By: [signature]

ROBERT L. HEMPEN II, ESQ.
Nevada Bar #003433
3660 N. Rancho Drive, Suite #125
Las Vegas, NV 89130
(702) 383-9955
Attorney for Plaintiff